IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ANGIE WALKER,

Plaintiff,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE, et al.,

Defendants.

Case No. 1:21-cv-00126-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Angie Walker, *pro se*, brings this action against the United States Department of Agriculture ("USDA") and its employees, contending that they negligently failed to enforce a no-smoking policy at her USDA-subsidized apartment complex. It has been brought to the Court's attention that Plaintiff brought a nearly identical action against the USDA in 2016, for which judgment was entered on the merits on March 23, 2018. *Walker v. United States*, 1:16-cv-01880-CL, 2018 LEXIS 48710* (D. Or. Mar. 23, 2018). Therefore, the Court finds Plaintiff's

claims barred by res judicata and recommends that this action be DISMISSED with prejudice. The Court also recommends that Plaintiff's *in forma pauperis* ("IFP") status should be revoked.

The issue of subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Res judicata applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations omitted). The Ninth Circuit explained that "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal citations omitted).

Plaintiff resides in an apartment complex in Gold Beach, Oregon. Her apartment complex is subsidized by the USDA. Plaintiff brings this negligence action against the USDA and its employees, claiming that from December 1, 2014 to the present, her health and safety has been threatened due to secondhand smoke invading her apartment. Prior to this action being filed, Plaintiff filed a similar action, also against the USDA,[1] claiming that beginning December 1, 2014, "USDA employees failed to act to enforce the No-Smoking rule of the apartment building." Complaint at 4, *Walker v. United States*, 1:16-cv-01880-CL, Dkt. #1. In that case, the United

---

[1] The USDA was terminated as the defendant and replaced with the United States as the proper party to be sued under the Federal Tort Claims Act. *See Walker v. United States*, 1:16-cv-01880-CL, Dkt. #12. The same replacement would need to happen in this litigation if were permitted to go forward.

Page 2 – REPORT AND RECOMMENDATION

States filed a motion to dismiss, which was granted, and judgment was entered dismissing the case with prejudice. *Id.* at Dkt. #39. Plaintiff appealed to the Ninth Circuit, and the Ninth Circuit dismissed the appeal on October 26, 2018. Plaintiff then petitioned for certiorari from the United Stated Supreme Court, which was denied on October 7, 2016. Therefore, res judicata bars this action because the two suits arise out of the same transactional nucleus of facts, the parties are the same, and a final judgment was entered on the merits of the first suit.

Additionally, the Court recommends that Plaintiff's IFP status be revoked on the grounds that the action is frivolous. Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Because this suit has already been brought by Plaintiff and was dismissed with prejudice, the Court finds this second attempt frivolous.

## RECOMMENDATION

For the reasons stated above, Plaintiff's case should be DISMISSED with prejudice and Plaintiff's IFP status should be REVOKED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. Fed. R. Civ. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a

copy of the objections. *Id.* Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)

DATED this __25__ day of August, 2021.

                                            MARK D. CLARKE
                                            United States Magistrate Judge